Richard G. Boehm, Esq. Informal Opinion Deputy Town Attorney No. 2003-18 Town of Hamburg S-6100 South Park Avenue Hamburg, New York 14075
Dear Mr. Boehm:
You have asked whether the town may contract with a person to serve as a hearing officer to adjudicate town building code violations. In a subsequent telephone conversation, you clarified that you are interested in the following three issues: (1) whether the town may establish an administrative tribunal to adjudicate town building code violations; (2) alternatively, whether the town may hire someone to serve as a hearing officer in town court to hear and report the facts to a town justice in proceedings involving alleged building code violations; and (3) in the event the town has authority to do either of the foregoing, whether either may be accomplished by resolution, or whether an ordinance is required.
Analysis
Administrative Tribunal
Your first inquiry asks whether the town may establish an administrative tribunal to determine if individuals have violated the town building code, and, if the tribunal finds those individuals guilty, to impose penalties. The contemplated tribunal would thus possess judicial powers normally performed by a court. We are of the opinion that this proposal is impermissible.
As a threshold matter, State law, specifically the Criminal Procedure Law ("C.P.L."), provides that local criminal courts, such as the town court,see C.P.L. § 10.10(3)(d), have trial jurisdiction over all offenses[1], except for felonies. See C.P.L. § 10.30(1). They have, with one exception, exclusive trial jurisdiction of petty offenses, which include violations[2], and concurrent jurisdiction with superior courts, such as the Supreme Court or County Court, see C.P.L. §10.10(2), over misdemeanors.[3] C.P.L. § 10.30(1)(a) and (b).
We note that violations of a town's building code are classified as offenses under Town Law § 135, and, as we understand, under the Town of Hamburg's local law as well, which imposes a fine for violations of the town's building code. See Code of Town of Hamburg, § 76-14(C). Town Law § 135 provides that for purposes of conferring jurisdiction upon the courts, "violations of a town building code . . . shall be deemed misdemeanors." Thus, the town court has trial jurisdiction over violations of the town's building code.
We also understand that the town's building code provides for enforcement of the New York State Uniform Fire Prevention and Building Code (the "Uniform Code"), see Code of the Town of Hamburg, § 76-1, and authorizes the town's building inspector and certain other officials to issue appearance tickets for such offenses pursuant to C.P.L. §150.20. See Code of Town of Hamburg, § 3-1. Pursuant to State law, jurisdiction over such appearance tickets lies in the local criminal courts. See C.P.L. § 150.40; Executive Law § 382(1); seegenerally Op. Att'y Gen. (Inf.) No. 95-53 (C.P.L. governs adjudication of offenses under Uniform Code); Op. Att'y Gen. (Inf.) No. 88-44 (appearance tickets for violations of Uniform Code are returnable in local criminal courts, including the town court).
Both the constitutional article conferring home rule power on municipalities and the statute implementing this power limit the town's ability to adopt a law that affects the courts. The Constitution provides that, "[e]xcept as expressly provided, nothing in [Article IX, granting home rule to municipalities] shall restrict or impair any power of the [State] legislature in relation to . . . [t]he courts." N.Y. Const. Art.IX, § 3(a)(2). The statute implementing this provision states that,
 [n]otwithstanding any provision of this chapter, the [local] legislative body shall not be deemed authorized by this chapter to adopt a local law which supersedes a state statute, if such local law . . . [a]pplies to or affects the courts as required or provided by article six of the constitution.
Municipal Home Rule Law § 11(1)(e).
In view of these restrictions, we are of the opinion that the town may not establish an administrative tribunal to adjudicate town building code violations because to do so would supersede State statutes conferring jurisdiction over such matters to the courts and governing criminal procedure in the courts. This conclusion is consistent with numerous previous opinions of this office. See, e.g., Op. Att'y Gen. (Inf.) No. 2000-21 (village may not create an administrative bureau to adjudicate parking violations relating to boats which "must be prosecuted in the local criminal court"); Op. Att'y Gen. (Inf.) No. 97-43 (county may not adjudicate violations of county's electrical code by administrative tribunal); Op. Att'y Gen. (Inf.) No. 93-7 (same); Op. Att'y Gen. (Inf.) No. 82-57 (town may not determine violations of local litter law by administrative hearing); 1980 Op. Att'y Gen. (Inf.) 243 (county may not establish administrative tribunal to dispose of traffic infractions); seealso Op. State Compt. No. 82-5 (1982) (municipality is without authority to establish building code enforcement board).
We note that the Legislature has authorized administrative procedures for the adjudication of certain types of offenses. See, e.g., Article 14-BB of the General Municipal Law (permitting a municipality with a population of more than 300,000 and less than 350,000 to establish administrative hearing procedures for certain code violations constituting a danger to public health, safety and welfare)[4]; see also Vehicle and Traffic Law Article 2-A (authorizing hearing officers to adjudicate traffic infractions in certain jurisdictions). We are not, however, aware of any State legislation authorizing the Town of Hamburg to establish an administrative tribunal to adjudicate building code violations.
We therefore conclude that in the absence of a State statute authorizing the town to establish an administrative tribunal for the adjudication of town building code violations, the town may not establish such a tribunal.
Hearing Officer
Your second question asks whether the town may enact legislation creating a hearing officer position for the town court to deal with criminal cases brought against persons charged with violating the town building code. As you have explained, the proposed building code hearing officer would be authorized to hear and report to a town justice regarding the facts of pending criminal actions in town court involving building code offenses.
In our opinion, the town may not enact the proposed legislation because it conflicts with C.P.L. provisions authorizing utilization of judicial hearing officers in the criminal courts. See C.P.L. §§ 255.20(4),350.20. As noted supra, the town may not enact legislation that conflicts with or supersedes State legislation pertaining to the courts. See N.Y. Const. art. IX, § 3(a)(2); Municipal Home Rule Law §11(1)(e); see also Op. Att'y Gen. (Inf.) No. 91-3 (C.P.L. provisions granting jurisdiction over offenses and governing criminal procedure in the courts may not be superseded by local law).
Under the C.P.L., which provides the governing body of law for criminal actions and proceedings and matters of criminal procedure (see C.P.L. § 1.10), the role of judicial hearing officers ("JHOs") is statutorily limited: "In criminal matters, JHOs are authorized to hear and report on pretrial motions,"[5] and "may also, with the parties' consent, try issues of fact and preside at bench trials of class B and unclassified misdemeanors (C.P.L. § 350.20)." People v. Scalza,76 N.Y.2d 604, 608 (1990). In addition, the only judicial hearing officers authorized to assist in matters under the C.P.L. are those who are so designated pursuant to Article 22 of the Judiciary Law. See
C.P.L. § 1.20(43).
The town's proposed legislation does not conform to these requirements. For example, it would expand the "hear and report" function for pretrial motions authorized by section 255.20(4) to permit a hearing officer to hear and report as to all issues of fact in criminal actions involving offenses under the town building code. Furthermore, the town's proposed hearing officer would not be one designated pursuant to Judiciary Law, Article 22.
That statute establishes a statewide, integrated plan under which retired judges who meet certain requirements may be designated as JHOs by the Chief Administrator of the Courts "to expedite the disposition of cases in civil matters and in some criminal case aspects." Scalza,76 N.Y.2d at 608. JHOs are State employees who are assigned to a particular part of a court or to pending matters from panels established by the Chief Administrator. Judiciary Law §§ 851, 852. Assignments must be "in conformance with law and such rules as the chief administrator may promulgate." Judiciary Law § 851; see generally 22 N.Y.C.R.R. Part 122.
In contrast, under the town's proposal, the contemplated hearing officer would be an individual selected and employed by the town to serve in town court, who would hear matters selected by the town, and, perhaps most fundamentally, would not be subject to Article 22's requirements and procedures. Clearly, the town's scheme does not fall within the scope of the program authorized by Article 22, and we are unaware of any State law permitting the proposed different procedures in this context.[6]
In short, we have not identified any State statute specifically conferring upon the town the authority to establish the proposed Building Code Hearing Officer position for the town court. We therefore conclude that the town may not enact local legislation establishing that position.
In view of our conclusions on your first and second questions, we do not consider your third question.
The Attorney General issues formal opinions only to officers and departments of State government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General
In Charge of Opinions
By: __________________________
ANN P. ZYBERT
Assistant Solicitor General
[1] An offense is defined as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any . . . law, local law or ordinance of a political subdivision of this state." Penal Law § 10.00(1).
[2] A violation is an offense, other than a traffic infraction, for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed. Penal Law § 10.00(3).
[3] A misdemeanor is an offense, other than a traffic infraction, for which a sentence to a term of imprisonment in excess of fifteen days, up to one year, may be imposed. Penal Law § 10.00(4).
[4] Article 14-BB's legislative history indicates that the statute was enacted to permit "the City of Buffalo to establish Administrative Adjudication for the enforcement of city housing codes and ordinances." Senate Approval Memorandum, Bill Jacket, L. 1995, ch. 382, reprinted in N.Y. Legis. Ann. 1995, at 2127. In any event, the population of the town of Hamburg, according to the 2000 federal census, is less than 57,000.
[5] See C.P.L. § 255.20(4).
[6] Although certain other State statutes permit the use of hearing officers in other contexts, we have not identified any that apply to these circumstances so as to authorize the building code hearing officer position at issue. For example, Vehicle and Traffic Law §1690 is inapplicable because it pertains to the Nassau County Administrative Judge's authority to assign judicial hearing officers to hear certain traffic and parking infractions.